IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALLEN BEASLEY | § | |
|    TDCJ-CID #563096 | § | |
| | § | |
| V. | § | C.A. NO. C-10-022 |
| | § | |
| RICHARD L. CRITES, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND TO DISMISS ACTION**

Plaintiff, a Texas state prisoner, filed this lawsuit on January 21, 2010 (D.E. 1), and sought leave to proceed *in forma pauperis* (D.E. 2). For the reasons stated herein, it is respectfully recommended that plaintiff's application to proceed *in forma pauperis* be denied, and that this case be dismissed without prejudice.

**I.     Three strikes rule.**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

## II.     Plaintiff's litigation history.

Plaintiff has had at least five prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  See Beasley v. Cain, et al., 9:90cv084 (E.D. Tex. Oct. 7, 1991); Beasley v. Cain, et al., 9:90cv095 (E.D. Tex. Sep. 23, 1999); and Beasley v. O'Reilly, et al., 3:92cv 362 (S.D. Tex. Aug. 27, 1992); Beasley v. Williams, et al., 3:92cv328 (S.D. Tex.  Aug. 27, 1992); Beasley v. Cox, et al., 4:91cv2116 (S.D. Tex. May 10, 1994).  In addition, the Galveston District Court denied plaintiff's i.f.p. application and sanctioned him $75.00 in cause no. 3:92cv328 for filing "this and other frivolous claims.").  Plaintiff is now barred from filing a civil rights suit unless he is in imminent danger of physical injury.

## III.    Imminent danger.

In this case, plaintiff is challenging the punishment of thirty (30) days cell restriction that he received following an October 22, 2009 prison disciplinary hearing.[1]  Plaintiff claims that, during this thirty-day confinement to his cell, he was fed only cold johnny-sack meals, causing him to lose weight, feel dizzy, and experience vision problems.  He claims that the cell restriction also violated his right to practice his religion because, as a Muslim, he was unable to attend a November 19, 2009 holy day.  In addition, he complains that he was found guilty based on the unsworn, written statement of prison officials, in violation of his due process rights.

---

[1] Plaintiff originally filed this action as a § 2254 habeas corpus proceeding. However, following an evidentiary hearing, the case was converted to one under § 1983 because plaintiff is challenging as unconstitutional the conditions of his confinement in close custody.

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 325 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

Plaintiff fails to allege imminent injury for purposes of § 1915(g). Indeed, the crux of his complaint concerns a disciplinary hearing and punishment that occurred over five months ago. Allegations of past harm do not constitute "impending harms." Abdul-Akbar, 239 F.3d at 315.

Moreover, there is no indication that plaintiff is in any type of danger which would warrant excusing him from complying with orders in other federal courts that he pay monetary sanctions. The Fifth Circuit has held that a district court may enforce the sanction order of another district court. Balawaider v. Scott, 160 F.3d 1066, 1067-68 (5th Cir.) (per curiam), cert. denied, 526 U.S. 1157 (1999).

**V.     Recommendation**

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to allege that he is in imminent danger of physical harm. Accordingly, it is respectfully recommended that plaintiff's application for leave to proceed *in forma pauperis* (D.E. 2) be denied and that this lawsuit be dismissed without prejudice. It is recommended further that

3

plaintiff be permitted to move to reinstate the lawsuit, but only if, within thirty days of the entry of final judgment, the $350.00 filing fee is paid simultaneously with the motion to reinstate.

Respectfully submitted this 8th day of April, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).